IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **PENNSYLVANIA INFORMED CONSENT ADVOCATES, INC.** | : <br> : <br> : <br> : |
| **Plaintiff,** | : |
| v. | : <br> : CIVIL ACTION NO. 5:21-CV-04415-JLS |
| **UNIVERSITY OF PENNSYLVANIA HEALTH SYSTEM** <br> 3400 Spruce Street <br> Philadelphia, PA 19104 | : <br> : <br> : <br> : <br> : |
| and | : <br> : |
| **SCOTT KETCHAM,** <br> United States Secretary of Labor <br> 200 Constitution Avenue, N.W. <br> Washington, D.C. 20210 | : <br> : <br> : <br> : <br> : |
| and | : <br> : |
| **XAVIER BECERRA** <br> United States Secretary of Health and Human Services <br> 200 Independence Avenue, S.W. <br> Washington, D.C. 20210 | : <br> : <br> : <br> : <br> : <br> : |
| **Defendants.** | : |

### PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS COMPLAINT

AND NOW, comes the Plaintiff, Pennsylvania Informed Consent Advocates ("Plaintiff"), by and through its counsel, van der Veen, Hartshorn and Levin and Bruce L. Castor, Jr., and submits the following Response in Opposition to the University of Pennsylvania Health System's ("UPHS") Motion to Dismiss the Complaint ("Complaint") and denies the contentions set forth therein. Plaintiff hereby requests that this Honorable Court deny the Motion to Dismiss in its entirety and enter an appropriate Order in accordance therewith. Plaintiff's Response is supported

1

by its Memorandum of Law, attached hereto, and incorporated herein by reference as if set forth herein at length.

                              Respectfully Submitted,

DATE: 11/24/21                BY: /s/ Bruce L. Castor, Jr.
                                       Bruce L. Castor, Jr.
                                       Attorney for Defendant
                                       Attorney ID No. 46370
                                       1219 Spruce Street
                                       Philadelphia, PA 19107
                                       P: 215-546-1000
                                       F: 215-546-8529
                                       E: bcastor@mtvlaw.com

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **PENNSYLVANIA INFORMED CONSENT ADVOCATES, INC.** | : : : : |
| **Plaintiff,** | : : |
| v. | : : |
|  | : CIVIL ACTION NO. 5:21-CV-04415-JLS |
| **UNIVERSITY OF PENNSYLVANIA HEALTH SYSTEM** 3400 Spruce Street Philadelphia, PA 19104 | : : : : : |
| and | : : |
| **SCOTT KETCHAM,** United States Secretary of Labor 200 Constitution Avenue, N.W. Washington, D.C. 20210 | : : : : : |
| and | : : |
| **XAVIER BECERRA** United States Secretary of Health and Human Services 200 Independence Avenue, S.W. Washington, D.C. 20210 | : : : : : : |
| **Defendants.** | : |

## PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS COMPLAINT

# **TABLE OF CONTENTS**

Page(s)

I. TABLE OF AUTHORITIES………………………………………………………….3

II. INTRODUCTION…………………………………………………………………….4

III. ARGUMENT………………………………………………………………………….5

    a. Plaintiff has Stated Federal and Constitutional Claims Upon Which Relief…….5
       Can Be Granted.

       i. UPHS is a State Actor……………………………………………………5

       ii. Disclosure of Vaccination Status is "Compelled Political Speech."……..6

       iii. Plaintiff's Members Have a First Amendment Right to a Religious……..7
          Exemption to the Vaccine Mandate…………………………………………7

       iv. Vaccination Mandates violate the Fourteenth Amendment……………...10

       v. Plaintiff's Claim for Damages on Counts I-III is proper………………...10

    b. Plaintiff Satisfies Organizational Standing……………………………………10

    c. Plaintiff Has Successfully Pleaded a Claim for Wrongful Dismissal Under……11
       Pennsylvania Law.

       i. Plaintiff's Claim is NOT Preempted by the Pennsylvania Human………12
          Relations Act.

       ii. UPHS has clearly violated Pennsylvania Public Policy…………………12

IV. CONCLUSION……………………………………………………………………..14

# **TABLE OF AUTHORITIES**

**Case(s)** **Page(s)**

*Am. Chiropractic Ass'n v. Am. Specialty Health, Inc.*,

    625 F. App'x 169, 176 (3d Cir. 2015)……………………………………………...11

*Bell Atlantic Corp v. Twombly,*

    550 U.S. 540, 570 (2007)……………………...…………………………………....5

*Conley v. Gibson*,

    335 U.S. 41, 48 (1957)……………………………………………………………....5

*Fraternal Order of Police Newark Lodge No. 12 v. City of Newark,*

    170 F.3d 359…………………….…………………………………………….....7, 8

*Planned Parenthood v. Casey*,

    505 U.S. 833…………………………………………………………………….10

*Tenafly Eruv Ass'n, Inc. v. Borough of Tenafly,*

    309 F.3d 144…………………………………………………………………...6


**Other Authorities**

U.S. Const. amend. I………………………………………………………………..7

Fed. R. Civ. P. 12(b)(6)……………………………………………………………….5

Title VII of the Civil Rights Act……………………………………………………7

# **INTRODUCTION**

Plaintiff alleges in its Complaint:

- That UPHS acted under the direction and encouragement of various Federal agencies when they imposed their May 19th, 2021 vaccine mandate.

- That UPHS in their role as a state actor enacted a campaign of harassment, embarrassment and shaming against all its unvaccinated employees, which resulted in corporate disciplinary action that was arbitrary and not narrowly tailored to fulfill the goal of eradicating the COVID-19 pandemic.

- That UPHS compelled members of Plaintiff to reveal their views on vaccination in a matter that would unjustly single members of plaintiff out to be subjected to ridicule and scorn.

- That UPHS arbitrarily and unjustly applied their religious exemption policy for UPHS' own pecuniary gain and against their stated goal of eradicating the COVID-19 epidemic.

- That UPHS reviewed and refused to accommodate employees who had a true and *bona fide* religious exception to the COVID-19 vaccine, violating their First Amendment religious rights.

- That UPHS violated the body autonomy Plaintiff's members by forcing them to choose between their right to corporeal self-determination and their careers.

- That UPHS violated Pennsylvania public policy by firing employees who refused to vaccinate.

Plaintiff has met its pleading obligations.

## ARGUMENT

I.  **MOTION TO DISMISS STANDARD**

A motion to dismiss under Rule 12(b)(6) should be granted *only* if it appears beyond a doubt that the plaintiff can prove no set of facts in support of its claim which would entitle it to relief. *Conley v. Gibson*, 335 U.S. 41, 48 (1957) (emphasis added); *see also* Fed. R. Civ. P. 12(b)(6); *Bell Atlantic Corp v. Twombly,* 550 U.S. 540, 570 (2007). A motion under Rule 12(b)(6) merely tests the legal sufficiency of a complaint, requiring a court to construe the complaint liberally, assume all facts as true, and draw all reasonable inferences in favor of the plaintiff. *Twombly*, 550 U.S. at 556-57. A complaint should never be dismissed because the court is doubtful that the plaintiff will be able to prove all of the factual allegations contained therein. *Id*. UPHS alleges a ridiculous standard which requires Plaintiff to fully evidence its allegations before a day of discovery has been conducted.

II.  **ARGUMENT**

A. **Plaintiff has Stated Federal and Constitutional Claims Upon Which Relief Can Be Granted.**

Upon information and belief of Plaintiff, UPHS acted according to the direction and the encouragement of various federal agencies when they introduced their "private" vaccine mandate. Plaintiff is confident that discovery will fully establish the fact that UPHS acted in full concert, cooperation and under the direction of several government actors. Plaintiff avers that its complaint presents disputed questions of fact and law and urges the Court to deny Defendant UPHS's motion to dismiss for the reasons stated below.

1. **UPHS is a State Actor.**

UPHS'S request that the Court simply declare UPHS not to be a state actor without any discovery runs contrary to what a motion to dismiss is meant to resolve. UPHS is fundamentally demanding that the Court answer a question of fact on the basis of its factual averments alone, neglecting that Plaintiff disputes UPHS's very assertion that it cannot be a state actor.

Upon information and belief, Plaintiff alleges that UPHS acted under the direction and encouragement of various state and federal government officials and agencies when it imposed its "private" vaccine mandate upon members of Plaintiff. Plaintiff's assertion that UPHS is governed by a state actor analysis is due to the fact that its work is funded by federal and/or state grants. Plaintiff respectfully suggests that this assertion is sufficient to defeat UPHS's motion to dismiss at the present stage. UPHS alleges that, effectively, it is shielded from acting in conformity with constitutional provisions applying to governmentally connected entities when Plaintiff believes and therefor avers that the Court will find UPHS meets the test for being a state actor as the facts develop.

2. **Disclosure of Vaccination Status is "Compelled Political Speech."**

UPHS alleges that Plaintiff has failed to establish that disclosure of one's vaccination status is expressive speech. Again, UPHS presents a genuine dispute of fact, which is not relevant to a 12(b)(6) motion to dismiss.

UPHS notes that the standard for whether conduct is considered to be speech is correctly stated in *Tenafly Eruv Ass'n, Inc. v. Borough of Tenafly* 309 F.3d 144, where the court found that "Conduct is protected by the First Amendment when the nature of the activity, combined with the factual context and environment in which it was undertaken, shows that the activity was sufficiently imbued with elements of communication to fall within the First Amendment's scope."

UPHS fundamentally and intentionally misconstrues what Plaintiff alleges and has set up a "straw man" to attack in its motion to dismiss. In fact, Plaintiff alleges that the previously non-expressive act of disclosing one's vaccination status has acquired the social and political effect and understanding of an expressive act and should therefore be treated as such by this Honorable Court. Plaintiff is not attempting to pass off a non-expressive statement as expressive and therefore protected by the First Amendment. Plaintiff is asserting that the specific facts of this case, coupled with the politically charged nature of the Covid-19 vaccine, transforms Plaintiff's non-expressive compelled acts into constitutionally protected expressive acts.

### 3. Plaintiff's Members Have a First Amendment Right to a Religious Exemption to the Vaccine Mandate.

UPHS alleges that Plaintiff's Members do not hold a specific First Amendment right to workplace vaccine exemptions, citing recent cases where courts across the country have chosen to allow the perceived "common good" to overcome the civil rights of individual workers. Plaintiff vehemently disagrees with UPHS's assertion, and respectfully requests that this Honorable Court not adopt the reasoning of other courts across the country.

The right to freedom of religion is enshrined in the First Amendment to the U.S. Constitution, it is one of the fundamental rights and freedoms that our Union recognizes as innate and inalienable. *U.S. Const. amend. I.* Furthermore, the specific First Amendment right for employees to receive reasonable accommodations from their employers for deeply held, *bona fide* religious beliefs is, and continues to be, the focus of a substantial portion of legislation under Title VII of the Civil Rights Act. *See e.g., Fraternal Order of Police Newark Lodge No. 12 v. City of Newark* 170 F.3d 359 (3d Cir. 1999) (Finding that a police department requiring officers to shave violated the first amendment when it refused to grant religious exemptions to Sunni Muslim officers). The Standard set by *Lodge No. 12* is simple: state actor employers' who attempt to police

9

or abridge the religious rights of their employees face strict scrutiny and must therefore show that their attempts further a compelling governmental interest and are narrowly tailored. *Id.*

While it is true that UPHS does provide religious exemptions, Plaintiff alleges that UPHS's religious exemption procedures are constitutionally lacking, arbitrary, and rife with the potential for corruption and misconduct. UPHS knows it must allow religious exemptions to the mandate, and therefore has created a "procedure" that is mere "window-dressing" meant to make it appear as though it is following constitutional and statutory requirements but are not actually doing so apart from granting those minimum exemptions it thinks will create the (false) impression it is following the law. Upon information and belief of Plaintiff, UPHS has selectively applied their own religious exemption standards, and arbitrarily denied employees seemingly based on their perceived value of the employee. Nurses are more likely to be denied in their applications than doctors are, for example, despite having identically written exemption forms. Further, Plaintiff alleges employees nearing their pension dates are more likely to be denied exemptions than newer employees the individual merits of the applications for exemption notwithstanding. UPHS has repeatedly used the COVID-19 pandemic as an opportunity to 'cull the ranks' of problematic or 'costly' employees using public interest in eradicating the COVID-19 pandemic as a pretext to terminate employees it no longer wishes to work for it. UPHS's religious exemption applications do not meet a compelling state interest, because they are designed to serve the bottom line of UPHS and not the health and wellbeing of employees and patients.

UPHS's religious exemptions are not narrowly tailored to achieve any legitimate and compelling state interest. While it is true that eradicating the COVID-19 pandemic is a compelling government interest, UPHS's way to serve that interest leaves much to be desired. An unvaccinated, yet properly masked and frequently tested employee is just as safe from COVID-19

(and spreading it) than a vaccinated employee who is not required to be masked at all times and is not required to test periodically. UPHS has chosen to compel employees to engage in the most invasive option for addressing the pandemic. A less drastic method that would balance the personal freedoms enjoyed by all Americans, for example, would be for an employer to mandate masks and frequent testing while allowing persons who choose to be vaccinated to "opt-out" from the mask and testing requirement. Such method is far less intrusive to the individual while still balancing individual rights and freedoms relative to the collective group.

Plaintiff is ready to provide extensive expert testimony attesting to the above. UPHS refuses to arbitrarily grant most employees religious exemptions, knowing full well that those employees would be just as safe as vaccinated employees as long as they comply with testing and keep their masks on. UPHS advances to this Court a misleading comparison between vaccinated employees who are fully immunized against COVID-19, and unvaccinated employees who pose a health risk and are therefore somehow incapable of performing their duties. Plaintiff asserts the proper comparison ought to be between vaccinated employees who face far less stringent masking procedures (and are not required to test frequently), and unvaccinated employees who must be masked and must be tested periodically.

Simply stated, UPHS is not serving a public health interest by enforcing its vaccine mandate, and even if it were, there is no evidence before the Court on the present record that a vaccinated employee is substantially safer than an unvaccinated employee observing reasonable and less intrusive restrictions relating to masking and testing.

4. **Vaccination Mandates violate the Fourteenth Amendment.**

The right to privacy and body autonomy as found in the Fourteenth Amendment to the United States Constitution is settled precedent. *Planned Parenthood v. Casey* 505 U.S. 833 (1992).

State actor UPHS continues in their attempt to avoid being considered a state actor by alleging that the Fourteenth Amendment does not apply to them because they are not acting on behalf of the state of Pennsylvania. Once again, it is a fact in dispute is whether UPHS is a state actor as Plaintiff contends, or not, as UPHS contends.

Upon information and belief, Plaintiff alleges that UPHS is a state actor that acted under the direction and encouragement of various state and federal government agencies when it imposed its "private" vaccine mandate upon Plaintiff's members. Plaintiff respectfully suggests this point is for future litigation, and that its assertion is sufficient at present to defeat UPHS's motion to dismiss.

### 5. Plaintiff's Claim for Damages on Counts I-III is proper.

UPHS alleges Plaintiff's complaint only considers it an agent of the Federal government. In fact, Plaintiff alleges UPHS is acting both as an agent of the Commonwealth of Pennsylvania and of the Federal government.

Upon information and belief, Plaintiff alleges that state actor UPHS acted under the direction and encouragement of various state and federal government agencies when it imposed its "private" vaccine mandate upon members of Plaintiff. Plaintiff argues that its averment in this regard, and UPHS's denial creates a factual dispute that cannot be resolved at the motion to dismiss stage.

### B. Plaintiff Satisfies Organizational Standing.

UPHS alleges that Plaintiff has not satisfied organizational standing. UPHS notes an organization has standing to sue on behalf of its members only if: "(a) its members would otherwise have standing to sue in their own right; (b) the interests it seeks to protect are germane to the organization's purpose; and (c) neither the claim asserted nor the relief requested requires

the participation of individual members in the lawsuit." *Am. Chiropractic Ass'n v. Am. Specialty Health, Inc.*, 625 F. App'x 169, 176 (3d Cir. 2015).

Every single one of Plaintiff's members have standing to sue in their own right, since being a current (or a coerced out of employment now-former) employee of UPHS who is negatively affected by the vaccine mandate is an absolute requirement to be a member of PICA. Plaintiff did not plead with particularity any of the individual circumstances of members of Plaintiff because their legal arguments are all the same, making the naming of individuals irrelevant pending discovery. Plaintiff is more than willing and able to discuss in detail the specific circumstances of each of the estimated over two-hundred members of PICA to show the Court that Plaintiff (and all individuals of Plaintiff's membership) have standing to try the case at hand.

### C. Plaintiff has Successfully Pleaded a Claim for Wrongful Dismissal Under Pennsylvania Law.

UPHS asserts that Plaintiff has failed to state a claim for Wrongful Dismissal under Pennsylvania law. UPHS asserts this is the case because Plaintiff's claim is preempted by the Pennsylvania Human Relations Act and because Plaintiff has failed to assert any Public Policy violated by UPHS. Plaintiff disagrees with this characterization. Plaintiff is not alleging employment discrimination and therefore has no reason to resolve this matter under the Pennsylvania Human Relations Act. Furthermore, UPHS has clearly violated Pennsylvania Public Policy as set forth below.

#### 1. Plaintiff's Claim is NOT Preempted by the Pennsylvania Human Relations Act.

Despite UPHS's best efforts to make it so, Plaintiff is not in fact alleging an employment discrimination claim. Plaintiff carefully considered the claims available to it and chose not to pursue employment discrimination claims based on the available evidence and applicable law. Plaintiff alleges that UPHS's behavior violates Pennsylvania Public Policy, and that a court

allowing them to continue to enforce their unjust and arbitrary employment practices opens the door for wanton abuse on the part of employers.

### 2. UPHS clearly violated Pennsylvania Public Policy.

UPHS clearly violated Pennsylvania Public Policy. If UPHS's unprecedented actions are allowed to continue unchecked, it could usher in a new era of wanton corporate abuse in the name of public health.

UPHS arbitrarily applies its religious and medical exemption policies with corporate profits in mind, not public health, and without consideration of the personal freedom of its individual employees. It did and does so to advance its corporate bottom line. Corporate employees whose interests lay not in the overall health of the public at large, but in the pecuniary interest of the company are responsible for determining if someone's religious beliefs are sincere or not. It is clear that the actions of UPHS will only worsen if this Honorable Court does not intervene to stop its wanton abuse.

### III.   CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Honorable Court deny and dismiss the Defendant's Motion to Dismiss Complaint and direct Defendant to file an Answer to Plaintiff's Complaint forthwith.

    Respectfully Submitted,

*/s/ Bruce L. Castor, Jr.*
Bruce L. Castor, Jr.
Attorney for Plaintiff
Attorney ID No. 46370
1219 Spruce Street
Philadelphia, PA 19107
P: 215-546-1000
F: 215-546-8529
Date:  11/24/21   E: bcastor@mtvlaw.com

**CERTIFICATE OF SERVICE**

    I hereby certify that on the date below, Plaintiff's Response in Opposition to Defendant's Motion to Dismiss Complaint was filed and served upon all counsel electronically via the Court's electronic filing system and/or via First Class United States Mail, postage pre-paid.

                        Respectfully Submitted,

DATE: 11/24/21              BY: /s/ Bruce L. Castor, Jr._____
                                   Bruce L. Castor, Jr.
                                   Attorney for Plaintiff
                                   Attorney ID No. 46370
                                   1219 Spruce Street
                                   Philadelphia, PA 19107
                                   P: 215-546-1000
                                   F: 215-546-8529
                                   E: bcastor@mtvlaw.com