IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PENNSYLVANIA INFORMED CONSENT ADVOCATES INC., :<br><br>Plaintiff, :<br><br>v. :<br><br>UNIVERSITY OF PENNSYLVANIA HEALTH SYSTEM, *et al*, :<br><br>Defendants. : | CIVIL ACTION<br><br>No. 21-4415 |

**MEMORANDUM OPINION**

**Schmehl, J. /s/ JLS**                                                                                                    **June 28, 2022**

I.      **INTRODUCTION**

Before the Court is the motion to dismiss of Defendant, University of Pennsylvania Health System (hereinafter "UPHS"). Plaintiff, Pennsylvania Informed Consent Advocates, Inc., filed a Complaint against UPHS, as well as Scott Ketcham, United States Secretary of Labor, and Xavier Becerra, United States Secretary of Health and Human Services, for alleged constitutional violations, as well as a wrongful dismissal claim under Pennsylvania law, arising out of UPHS's mandatory vaccination policy for employees. *See* ECF No. 1, Complaint. Based upon the parties' submissions, UPHS's motion is granted, and this matter will be dismissed as to UPHS only.[1]

---

[1] I note that the Complaint in this matter was filed in October of 2021, and as of the date of this opinion, Plaintiff has yet to file proof of service as to any of the defendants in this matter. Federal Rule of Civil Procedure 4(m) states that "If a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time." As it has been well over 90 days since the Complaint was filed, Plaintiff is hereby put on notice that this matter will be dismissed within thirty (30) days as to Defendants Ketcham and Becerra if Plaintiff does not provide proof of proper service of the Complaint upon said Defendants.

## II.   BACKGROUND

UPHS instituted an employee vaccine mandate on May 19, 2021, that required employees to be vaccinated against COVID-19 and show proof of vaccination by September 1, 2021 or apply for an applicable exemption. *See* Compl. ¶ 17. Plaintiff is a Pennsylvania corporation "representing the interests of" unspecified current and former UPHS employees who refuse vaccination or refuse to disclose their vaccination status. Compl. ¶¶ 9–10.

Specifically, Plaintiff alleges that its members have "religious, quasi-religious, or personal" objections to the COVID-19 vaccine, Compl. ¶ 11, that UPHS engaged in a "harassment/embarrassment/shaming campaign against all unvaccinated employees," Compl. ¶ 18, and then terminated an unspecified, unnamed number of Plaintiff's members "to punish the unvaccinated." Compl. ¶ 19. Plaintiff also alleges that the act of vaccination is "partisan" in nature, Compl. ¶ 32, that UPHS required "more restrictive applications" for COVID-19 religious exemptions than for other vaccines, Compl. ¶¶ 39–40, and that UPHS denied requests for religious exemptions from some of Plaintiff's members. Compl. ¶ 41. However, Plaintiff fails to provide any support for its contention that UPHS adopted a vaccine mandate because of, or in response to, governmental action, or that Plaintiff's members pursued required administrative remedies before initiating this action.

## III.   LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) governs the Court's motion to dismiss analysis. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim of relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678

(2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim satisfies the plausibility standard when the facts alleged "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Burtch v. Millberg Factors, Inc.*, 662 F.3d 212, 220-21 (3d Cir. 2011) (*citing Iqbal,* 556 U.S. at 678). While the plausibility standard is not "akin to a 'probability requirement,'" there nevertheless must be more than a "sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (*citing Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (*quoting Twombly*, 550 U.S. at 557).[2]

State actor status is a question of law properly resolved on a motion to dismiss. *See Mahmood v. Nat'l Bd. of Med. Examiners*, 2012 WL 2368462, at *2–3 (E.D. Pa. June 21, 2012) (noting that state actor status, as the "overarching requirement" for constitutional claims, is "a question of law," and accordingly dismissing constitutional claims against private testing company); *see also Federoff v. Geisinger Clinic*, 2021 WL 5494289, at *4 (M.D. Pa. Nov. 23, 2021) (rejecting employees' request for injunctive relief against private hospital, reasoning "[it] is not a state actor [and] therefore cannot violate the Employees' rights under the Free Exercise and Equal Protection Clauses.").

IV. **DISCUSSION**

Plaintiff can only bring constitutional claims against a government actor, not a private entity. Although Plaintiff argues UPHS became a state actor by instituting its vaccine mandate,

---

[2] I note that this is the correct standard to be used in deciding a motion to dismiss. Plaintiff improperly argues that its Complaint should be permitted to proceed unless there is "no set of facts in support of its claim which would entitle it to relief." In so arguing, Plaintiff relies on *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), which was specifically rejected by the Supreme Court in *Twombly*. Contrary to Plaintiff's assertion, the current standard requires a plaintiff to prove more than "threadbare" allegations or legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. at 678; *Bell Atl. Corp. v. Twombly*, 550 U.S. at 570.

Plaintiff has not adequately pled any facts to support that contention. Accordingly, I find UPHS is not a state actor and will dismiss Plaintiff's constitutional claims with prejudice as to UPHS only.[3] I also find Plaintiff has failed to exhaust its administrative remedies as to its wrongful discharge claim and will also dismiss this claim.

### A.  UPHS IS NOT A STATE ACTOR

A well settled principle of constitutional law is that there exists "a line between state action subject to Fourteenth Amendment scrutiny and private conduct (however exceptionable) that is not." *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 297 (2001) (*citing Nat'l Collegiate Athletic Ass'n v. Tarkanian*, 488 U.S. 179, 191 (1988)). The Supreme Court has made clear that "a private entity may qualify as a state actor when it exercises 'powers traditionally exclusively reserved to the state.' " *Manhattan Cmty. Access Corp. v. Halleck*, 139 S. Ct. 1921, 1928 (2019) (*quoting Jackson v. Metro. Edison Co.*, 419 U.S. 345, (1974)). Furthermore, "the fact that the government licenses, contracts with, or grants a monopoly to a private entity does not convert the private entity into a state actor – unless the private entity is performing a traditional, exclusive public function. The same principle applies if the government funds or subsidizes a private entity." *Id*. at 1931-32 (internal citations omitted).

In the Third Circuit, "the principal question at stake is whether there is such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself." *Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009) (quotation omitted). To that end, the Third Circuit has outlined "three broad tests" to determine state action:

> (1) whether the private entity has exercised powers that are traditionally the exclusive prerogative of the state; (2) whether the private party has acted with the help of or in concert with state officials; and (3) whether the state has so far

---

[3] As I find that Plaintiff's claims against UPHS should be dismissed due to UPHS not being a state actor, I will not address UPHS's additional arguments as to other alleged defects in Plaintiff's Complaint.

4

> insinuated itself into a position of interdependence with the acting party that it must be recognized as a joint participant in the challenged activity.

*Id.* (quotation omitted); *see also Egli v. Chester Cty. Library Sys.*, 394 F. Supp. 3d 497, 505 (E.D. Pa. 2019) (*quoting Manhattan Cmty. Access Corp.*, 139 S. Ct. at 1928) (laying out a similar three-part test set out by the Supreme Court in a First Amendment case). I will examine these three tests below.

### 1.  UPHS does not exercise any traditional, exclusive public function

Courts have held "'a private entity may qualify as a state actor when it exercises powers traditionally exclusively reserved to the state.'" *Beckerich*, 2021 WL 4398027, at *3 (quoting *Manhattan Cmty. Access Corp.*, 139 S. Ct. at 1928); *Kach*, 589 F.3d at 646 (same). "[V]ery few functions fall into that category." *Manhattan Cmty. Access Corp.*, 139 S. Ct. at 1929 (collecting cases). Accordingly, "the fact that the government licenses, contracts with, or grants a monopoly to a private entity does not convert the private entity into a state actor—unless the private entity is performing a traditional, exclusive public function." *Id.* at 1931–32 (collecting cases).

"Private hospitals, no matter how much federal funding they may receive, are generally not state actors for purposes of constitutional questions." *Beckerich*, 2021 WL 4398027, at *3; *accord Hall v. Horizon House*, 414 F. Supp. 3d 720, 722 (E.D. Pa. 2019) (collecting cases showing medical facilities are not made state actors by receipt of government funding or imposition of government licensing and regulation). The mere fact that a private entity accepts government funding does not make it a state actor. *See Blum v. Yaretsky*, 457 U.S. 991, 1005–12 (1982) (determining private nursing home is not state actor despite extensive state regulation and 90% of fees subsidized by state); *Rendell-Baker v. Kohn*, 457 U.S. 830, 839–42 (1982) (finding private school that treats students with drug/alcohol problems not state actor despite operating under contract with the state and receiving 90% state funding); *Robert S. v. Stetson School, Inc.*,

256 F.3d 159, 165 (3d Cir. 2001) ("[I]t is clear that Stetson's receipt of government funds did not make it a state actor.")

Plaintiff's Complaint contains no allegations showing that UPHS has performed a traditional, exclusive public function. To the contrary, Plaintiff's Complaint merely states that "UPHS became a state actor after providing, administering, and requiring federally-funded SARS-CoV-2 vaccinations." Compl., ¶ 27. This allegation does not in any way demonstrate that UPHS was performing traditional, exclusive public functions. Accordingly, UPHS cannot be a state actor under the first of the three tests.

### 2. UPHS is not acting with the help of or in concert with government officials.

"[T]o support a finding of state action, 'the government must be responsible for the specific conduct of which the plaintiff complains.'" *Stephany v. Reading Police*, 2021 WL 2156396, at *3 (E.D. Pa. May 21, 2021) (quoting *Borrell v. Bloomsburg Univ.*, 870 F.3d 154, 160 (3d Cir. 2017)). "'Action taken by private entities with the mere approval or acquiescence of the State is not state action.'" *Id.* (quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 52 (1999)). In short, Plaintiff must allege that UPHS instituted its vaccine mandate with the help of or together with government officials.

However, a review of Plaintiff's Complaint shows that it clearly does not meet the second part of the three-part test for a state actor. The Complaint alleges without any factual support that UPHS adopted a COVID-19 vaccine mandate in May of 2021 because of some anticipated federal regulation that was not yet in existence. This is insufficient to make UPHS a state actor. Further, Plaintiff's Complaint does not allege that any government official was in contact with UPHS regarding its vaccine mandate, or acting together with UPHS when it enacted its vaccine mandate.

### 3. The Government is not a joint participant with UPHS

While it is true that "significant [government] encouragement" in an allegedly unconstitutional action can support a finding of state action in certain limited circumstances, *see Glunk v. Noone*, 186 F. Supp. 3d 453, 460 (E.D. Pa. 2016), the level of interaction necessary to find such "joint participation" is far more extensive than mere verbal support. Rather, the plaintiff must show (1) "the defendant acted together with or obtained significant aid from state officials;" (2) "the state and the private actor shared common purpose or intent;" and (3) there was "a meeting of the minds." *Id.* (*citing Angelico v. Lehigh Valley Hosp., Inc.*, 184 F.3d 268, 278 (3d Cir. 1999); *Harvey v. Plains Twp. Police Dep't,* 421 F.3d 185, 195 (3d Cir. 2005); *Startzell v. City of Phila.*, 533 F.3d 183, 205 (3d Cir. 2008)). Plaintiff's Complaint is completely lacking any factual allegations that could possibly support UPHS being a joint participant with the government in developing its vaccine mandate. Rather, Plaintiff's Complaint focuses on the fact that the federal government encouraged COVID-19 vaccination and was considering future regulation of vaccination. This is clearly insufficient to prove such "interdependence" between the government and UPHS such that the government "must be recognized as a joint participant" in UPHS's vaccine mandate. *Kach*, 589 F.3d at 646. Accordingly, UPHS is not a state actor under the third part of the three-part test, and Plaintiff's constitutional claims against it must be dismissed.

### B. WRONGFUL DISCHARGE CLAIM IS UNEXHAUSTED

Count IV of Plaintiff's Complaint alleges a "wrongful dismissal" claim based on "Pennsylvania public policy." Specifically, it alleges that UPHS violated "Pennsylvania's religious freedom law" when it terminated employees who refused to comply with its vaccine mandate. Compl., ¶ 53. A claim for violations of religious freedom is in fact a claim of unlawful

religious discrimination that should have been brought under the Pennsylvania Human Relations Act. 43 P.S. § 955(a). *See Weaver v. Harpster*, 975 A.2d 555, 567 (Pa. 2009) ("[T]here is no basis for belief that there was intended to be broad and unrestricted access to civil actions, outside of the PHRA, alleging discriminatory termination of at-will employment); *Wolks v. Saks Fifth Ave., Inc.*, 728 F.2d 221, 223–24 (3d Cir. 1984) (where comprehensive administrative state and federal statutory remedy is available to plaintiff to obtain redress for sexual harassment, no common law action will lie for a wrongful discharge claim under Pennsylvania law); *Shaffer v. Nat'l Can Corp.*, 565 F. Supp. 909, 913 (E.D. Pa. 1983) (finding wrongful discharge claim should have been brought pursuant to PHRA because "[t]he interests sought to be vindicated by this cause of action are identical to those protected by the PHRA"); *Brennan v. Nat'l Tel. Directory Corp.*, 850 F. Supp. 331, 344 (E.D. Pa. 1994) ("Defendants are correct that the PHRA preempts parties from bringing common law claims for wrongful discharge based on claims of discrimination because the remedies of the PHRA are exclusive."); *Krushinski v. Roadway Express, Inc.*, 627 F. Supp. 934, 937–38 (M.D. Pa. 1985) (dismissing Plaintiff's wrongful discharge claim "due to his religious beliefs" because the PHRA provided the appropriate statutory protection.)

      Although Plaintiff attempts to present its wrongful discharge claim as a common law issue, said claim is still subject to the exhaustion requirement of the PHRA. *See Dee v. Marriott Int'l, Inc.*, 1999 WL 975125, at *5 (E.D. Pa., Oct. 6, 1999) (dismissing Plaintiff's common law claim of wrongful discharge in violation of public policy because plaintiff was required to exhaust administrative remedies under PHRA.) As Plaintiff failed to file its wrongful discharge claim with the PHRA, it has failed to exhaust administrative remedies, and this claim must be dismissed.

## V. <u>CONCLUSION</u>

For all the foregoing reasons, I find that Plaintiff's Complaint fails to state a claim, Defendant's Motion to Dismiss is granted, and Plaintiff's Complaint is dismissed as to Defendant UPHS only.